UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK L. GARGETT, JR.,

    Plaintiff,

v.                          Case No. 8:19-cv-2051-VMC-TGW

FLORIDA DEPARTMENT
OF JUVENILE JUSTICE,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant
Florida Department of Juvenile Justice's Renewed Motion in
Limine (Doc. # 116), filed on April 9, 2024. Plaintiff Frank
L. Gargett, Jr. responded on April 23, 2024. (Doc. # 122).
The Department replied on May 1, 2024. (Doc. # 128). For the
reasons that follow, the Motion is granted in part and denied
in part.

I.   **Background**

Gargett initiated this case on August 16, 2019,
asserting claims against his former employer for age
discrimination under the Age Discrimination in Employment Act
("ADEA") and the Florida Civil Rights Act ("FCRA"), for
retaliation under the ADEA and FCRA, and for violations of
the Family Medical Leave Act ("FMLA"). (Doc. # 1). Upon remand

1

from the Eleventh Circuit (Doc. # 104), the only claims that remain are the ADEA and FCRA age discrimination claims.

Now, the Department moves to exclude the introduction of various arguments and evidence at trial. (Doc. # 116). Gargett has responded (Doc. # 122), and the Department has replied. (Doc. # 128). The Motion is ripe for review.

## II.   __Legal Standard__

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or

2

narrow the issues to be tried." <u>LSQ Funding Grp. v. EDS Field Servs.</u>, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)(citing <u>Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.</u>, No. 07–80172–CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." <u>In re Seroquel</u>, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." <u>Id.</u> "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." <u>Id.</u>

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. <u>United States v. McLean</u>, 138 F.3d 1398, 1403 (11th Cir. 1998); <u>see</u> <u>also</u> <u>United States v. Jernigan</u>, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence

and is physically proximate to testifying witnesses and the jury.").

### III. **Analysis**

As an initial matter, the Court must address Gargett's apparent understanding of the Eleventh Circuit's opinion. It is unclear whether Gargett wishes to admit the Eleventh Circuit's opinion at trial as evidence in support of his age discrimination claims. (Doc. # 122 at 3). The opinion is not evidence and will not be admitted at trial. Gargett is incorrect that "[t]he Eleventh Circuit found that Fosler's reasons for [Gargett's] termination are pretextual and unworthy of credence" and that such alleged factual conclusion is "law of the case." (Id.).

Rather, the Eleventh Circuit, taking all evidence in the light most favorable to Gargett, held that there was a genuine dispute of fact as to whether the reasons given for Gargett's termination were pretextual. See (Doc. # 104 at 29) (holding that "Plaintiff has demonstrated a question of fact as to whether Defendant's reasons for discharging him were pretextual"). In short, the Eleventh Circuit merely held that summary judgment should be denied for the age discrimination claims and a trial must be held on those claims only. No factual findings were made by the Eleventh Circuit and no

part of the Eleventh Circuit's opinion will be admitted at trial.

Now, the Court will address each category of evidence the Department moves to exclude separately.

## A.   <u>Fosler Character Evidence</u>

First, the Department seeks to exclude "inadmissible character evidence pertaining to other alleged wrongs or acts of, and irrelevant statements allegedly made by, [the Department's] Assistant Secretary Dixie Fosler." (Doc. # 116 at 3). These statements include testimony by Gargett and other Department employees that Fosler was a bully who created a hostile work environment, had a negative management style, lacked professionalism, and had poor office etiquette. (<u>Id.</u> at 4-5). These statements also include testimony by Gargett and others that Fosler made derogatory comments about other Department employees that did not relate to age — Gargett's claims here. (<u>Id.</u>).

Federal Rule of Evidence 404(a)(1) states: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). "An analysis of the admissibility of character evidence necessarily begins, then, with an examination of the

purposes for which the evidence is proffered. If the evidence is introduced for the purpose of showing that a person acted in accordance with his character on a given occasion, then the evidence is inadmissible unless it falls within one of the exceptions noted in Rule 404." Murphy v. Precise, No. 1:16-CV-0143-SLB-DAB, 2017 WL 6002581, at *12 (M.D. Ala. Dec. 1, 2017) (citation omitted). "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." Id. (citation omitted).

Likewise, for this same reason, Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

The Court agrees with the Department that this anticipated testimony runs afoul of Rules 404(a) and 404(b). It appears that Gargett intends to introduce this evidence,

which does not relate to Gargett's claims of age discrimination, in order to attack Fosler's character.

Additionally, the Court is not persuaded by Gargett's assertion that such evidence about Fosler's alleged mistreatment of employees and poor management shows that Fosler is "not worthy of belief," rather than going to her character. (Doc. # 122 at 6). Even if this evidence were relevant to the credibility of Fosler's testimony and reasons for terminating Gargett, it would likely still be inadmissible. Rule 608(a) provides that "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). Rule 608(b), however, makes clear that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Thus, to the extent Gargett believes extrinsic evidence of Fosler's alleged misconduct may be introduced to suggest that she is untruthful or not credible, Rule 608 precludes such evidence under most circumstances.

Even if the evidence described in this section of the Department's Motion was not introduced to attack Fosler's character or went to her credibility, the risk of undue prejudice outweighs the evidence's probative value such that it should be excluded under Rule 403. Allegations that Fosler was a "bully" or made crass comments about employees' "size" or other attributes besides age are likely to mislead or confuse the jury.

Nevertheless, to the extent Gargett or other witnesses may testify as to any statements they have heard Fosler make regarding employees' ages, the Court is not excluding such testimony at this juncture. Such age-related statements are relevant to Gargett's claims of age discrimination and must be addressed in the context of trial.

**B.   Hearsay Statements**

Next, the Department seeks to exclude "hearsay statements allegedly made by Fosler within hearsay statements allegedly made by witnesses who are not testifying [at] trial." (Doc. # 116 at 7-8). These statements include Gargett's testimony that Officer Norman told him that Officer Norman "heard [Gargett's] not going to be here much longer." (Id. at 8). Similarly, Gargett testified that he heard from

other people how Fosler operated her Department and actions
she was intending to take. (Id.).

"Hearsay is a 'statement other than one made by the
declarant while testifying at the trial or hearing, offered
in evidence to prove the truth of the matter asserted.'"
Williams v. Alpharetta Transfer Station, LLC, No. 1:07-CV-
1949-GET-GGB, 2009 WL 10670626, at *6 (N.D. Ga. July 7, 2009)
(quoting Fed. R. Evid. 801(c)), report and recommendation
adopted as modified, No. 1:07-CV-1949-GET, 2010 WL 11526841
(N.D. Ga. June 15, 2010), aff'd sub nom. Williams v. Waste
Mgmt., Inc., 411 F. App'x 226 (11th Cir. 2011). "'Double
hearsay' is hearsay included within another hearsay
statement." Id. (citation omitted). "Double hearsay 'is not
excluded under the hearsay rule if each part of the combined
statements conforms with an exception to the hearsay rule
provided in these rules.'" Id. (quoting Fed. R. Evid. 805).

While statements Fosler has made may be admissible as
statements of an opposing party under Federal Rule of Evidence
801(d)(2), statements others made to Gargett are hearsay if
offered to prove the truth of the matter asserted. Unless
Gargett can establish that the statements by others fall
within a hearsay exception, then these statements may not be

admitted if they are offered to prove the truth of the statements.

In his response, Gargett argues the statements by others to Gargett are not being introduced to prove the truth of the matter asserted. Rather, these statements would be admitted to prove the effect of the statements on Gargett, including motivating him to send a subsequent email titled "Rumors/Concerns" to Fosler. (Doc. # 122 at 6-7). Because the Court only finds this explanation plausible as to statements related to whether Fosler intended to fire Gargett, the Court will address the Department's objection as to such statements at trial. In short, the Court denies without prejudice the Motion as to statements relayed to Gargett that Fosler intended to fire Gargett. The Court will address these statements in their context at trial.

Next, statements by Gargett or others that they "heard" that other employees had complained or sued over alleged racial or gender discrimination or other non-age-related claims are likewise inadmissible hearsay if offered for the truth of the matter asserted. (Doc. # 116 at 9). Furthermore, even if these statements were not offered for the truth of the matter asserted, the Court agrees with the Department that complaints about other types of discrimination not at

10

issue in this case are inadmissible under Rule 403. The
probative value of such statements is substantially
outweighed by the dangers of unfair prejudice, confusing the
issues, and misleading the jury. Thus, this category of
statement is excluded.

The Department's Motion is granted in part and denied in
part to the extent described above for this evidence.

**C.   Other Alleged Wrongs**

The Department also argues for exclusion of "evidence of
other alleged wrongs or acts of [the Department] including,
but not limited to, other, unrelated complaints by
[Department] employees." (Id. at 10). This evidence includes
the allegations by other employees of racial or gender
discrimination or other complaints about treatment unrelated
to the age discrimination claims at issue in this case.
Essentially, this is the same evidence the Court excluded in
the previous sections.

"In cases alleging employment discrimination and
retaliation, 'me too' evidence involving claims made by other
employees may be properly admitted pursuant to Federal Rule
of Evidence 404(b) 'to prove the defendant's motive, . . .
intent, . . . [or] plan' to discriminate against the
plaintiff." Hausburg v. McDonough, No. 8:20-cv-2300-JSS, 2024

WL 111994, at *2 (M.D. Fla. Jan. 10, 2024) (quoting <u>Goldsmith v. Bagby Elevator Co.</u>, 513 F.3d 1261, 1286 (11th Cir. 2008)). However, "courts are reluctant to consider 'prior bad acts' in this context where those acts do not relate directly to the plaintiffs." <u>Denney v. City of Albany</u>, 247 F.3d 1172, 1189 (11th Cir. 2001). "Even when 'me too' evidence is relevant under Rule 401, the district court retains the discretion to exclude that evidence, under Rule 403, if it is unduly prejudicial, confusing, misleading, or cumulative." <u>Adams v. Austal, U.S.A., L.L.C.</u>, 754 F.3d 1240, 1258 (11th Cir. 2014). "Determining whether Rule 404(b) or corroborative evidence is admissible is a 'fact-intensive, context-specific inquiry' that 'rests within the sound discretion of the district court[.]'" <u>Hausburg</u>, 2024 WL 111994, at *2 (quoting <u>Adams</u>, 754 F.3d at 1258). "Courts generally admit only that corroborative evidence that 'closely compares' with the circumstances alleged by the plaintiff." <u>Id.</u>

The Court again excludes this evidence as inadmissible under Rules 404(a)(1), 404(b)(1), and 403. The claims of race and gender discrimination by Ms. Tynes or claims of other non-age-related discrimination by other employees are not relevant "me too" evidence for Gargett's age discrimination claims. <u>Compare</u> <u>Goldsmith</u>, 513 F.3d at 1286 (finding "me too"

12

evidence admissible under Rule 404(b) because it involved other employees' claims of race discrimination and retaliation in a race discrimination and retaliation case); see also White v. U.S. Cath. Conf., No. CIV.A.97-1253TAF/JMF, 1998 WL 429842, at *5 (D.D.C. May 22, 1998) ("[O]nly discrimination or retaliation of the same character and type as that [which] is alleged is probative. To establish that a prior discriminatory act is probative of the intention or motive of the defendant, there must be some reason to believe that his motivation or intention in the acts in question was similar to his motivation or intention on the prior occasion.").

Even if evidence of racial or gender discrimination against other employees were relevant to Gargett's claims of age discrimination, such evidence would still be excluded as unduly prejudicial and confusing to the jury under Rule 403.

The Court also agrees with the Department that this evidence is not admissible under Rule 406 either. Rule 406 provides in pertinent part: "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. The Eleventh Circuit has "not announced a precise

formula for determining when a practice of an organization is so consistent that it becomes routine or habitual, but [the court has] determined that adequacy of sampling and uniformity of response are controlling considerations [in making such a determination]." Goldsmith, 513 F.3d at 1285 (citation and internal quotation marks omitted). "[C]onduct admitted as evidence of habit must reflect a systematic response to specific situations to avoid the danger of unfair prejudice that ordinarily accompanies the admission of propensity evidence." Id.

The other employee complaints of which the Court is aware do not involve age discrimination. (Doc. # 116 at 11-12; Doc. # 122 at 7-10). As these complaints involve conduct by the Department different from Gargett's complaints, the Court finds that evidence of these complaints does not constitute habit or routine evidence under Rule 406. Thus, this evidence is not admissible under that rule.

The Department's Motion is granted as to this evidence.

### D.   **Settlement Agreement**

Finally, the Department seeks to exclude "evidence of a Settlement Agreement which was proposed to Gargett by" the Department while Gargett was still employed. (Doc. # 116 at 12). The Department believes Gargett intends to rely on the

Settlement Agreement because he "has testified that said Settlement Agreement was a condition precedent to his job offer for a government operations consultant 3 position." (Id.).

>Under Rule 408,
>
>Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
>(1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
>(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a).

"By its terms, Rule 408 precludes the admission of evidence concerning an offer to compromise 'a claim' for the purpose of proving (or disproving) the fact or amount of 'the claim.'" Armstrong v. HRB Royalty, Inc., 392 F. Supp. 2d 1302, 1304 (S.D. Ala. 2005). "Gauged either by standard usage of the English language or by accepted rules of statutory construction, the definite article 'the' limits 'the claim' as to which evidence may not be admitted to the claim

previously referenced, i.e., the claim which was the subject of a settlement offer." <u>Id.</u>

Gargett argues that he should be able to introduce the Settlement Agreement because (1) the Department waived application of Rule 408 by addressing the Settlement Agreement in its motion for summary judgment and not objecting to discussion of the Settlement Agreement during depositions and (2) the Settlement Agreement should be introduced to show that the Department "would not have offered the new position to [Gargett] if it believed that [he] was a bully, insubordinate, would not follow policy or a poor performer and not worth of being a [Department] employee." (Doc. # 122 at 10).

As an initial matter, the Department did not waive the applicability of Rule 408. During summary judgment briefing, the Settlement Agreement was discussed because it was — arguably — relevant to Gargett's FMLA claim. Specifically, Gargett maintained that his FMLA rights were violated because, "in order to get his FMLA benefits, [he] was required by [the Department] to execute" the Settlement Agreement. (Doc. # 58 at 19-20). Thus, the Department needed to respond to the Settlement Agreement at that time to defeat Gargett's FMLA claims. Now, the grant of summary judgment on the FMLA

16

claims — the only claims to which Gargett previously argued the Settlement Agreement was relevant (Doc. # 19-20; Doc. # 63 at 3-4) — has been affirmed. The only claims before the Court are the age discrimination claims and the Department is reasonably invoking Rule 408 to prevent the Settlement Agreement's admission at trial as to these different, unrelated claims.

The Court disagrees with Gargett that the Settlement Agreement in particular has relevance to the age discrimination claims and the issue of pretext. While the fact that the Department offered another job to Gargett upon his termination may be relevant to the pretext inquiry for the age discrimination claims, there is additional evidence directly on this point that is not an inadmissible settlement agreement. Indeed, the Department "has no objection to the admission of evidence regarding offering [Gargett] a demotion upon termination as Director of Detention including, but not limited to, the letter of offer of Employment as Government Operations Consultant III to [Gargett] on August 11, 2017." (Doc. # 128 at 7). In short, there is no justification to ignore the applicability of Rule 408 to the Settlement Agreement.

The Motion is granted as to the Settlement Agreement.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Florida Department of Juvenile Justice's Renewed Motion in Limine (Doc. # 116) is **GRANTED** in part and **DENIED** in part as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of May, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE