UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK L. GARGETT, JR.,

   Plaintiff,

v.                                Case No. 8:19-cv-2051-VMC-TGW

FLORIDA DEPARTMENT
OF JUVENILE JUSTICE,

   Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Florida Department of Juvenile Justice's Amended Motion to Dismiss (Doc. # 150), filed on June 14, 2024. Plaintiff Frank L. Gargett, Jr. responded on June 27, 2024. (Doc. # 160). The Department replied on July 8, 2024. (Doc. # 162). Gargett filed a sur-reply on July 15, 2024. (Doc. # 164). For the reasons that follow, the Motion is granted.

**I.   Background**

Gargett initiated this case on August 16, 2019, asserting claims against his former employer for age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"), for retaliation under the ADEA and FCRA, and for violations of the Family Medical Leave Act ("FMLA"). (Doc. # 1). Upon remand

1

from the Eleventh Circuit (Doc. # 104), the only claims that remain are the ADEA and FCRA age discrimination claims.

The Department moved to dismiss the ADEA claim based on Eleventh Amendment immunity. (Doc. # 150). Gargett has responded. (Doc. # 160). The Department then replied, arguing for the first time that both the ADEA and the FCRA claim should be dismissed based on Eleventh Amendment immunity. (Doc. # 162). With the Court's permission, Gargett has filed a sur-reply to address the FCRA claim. (Doc. # 164). The Motion is ripe for review.

## II. Discussion

### A. ADEA Claim

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Despite its limited terms, the Eleventh Amendment has long been interpreted as evidencing broader principles of federalism that prohibit federal courts from exercising jurisdiction over suits against a non-consenting [s]tate, not only where brought by citizens of other [s]tates or of foreign nations but also by that [s]tate's own citizens as well."

Lambert v. Bd. of Trustees of Univ. of Ala., No. 2:18-CV-1112-JEO, 2019 WL 339178, at *7 (N.D. Ala. Jan. 28, 2019), aff'd sub nom. Lambert v. Bd. of Trustees, 793 F. App'x 938 (11th Cir. 2019); see Eubank v. Leslie, 210 F. App'x 837, 844 (11th Cir. 2006) ("The Eleventh Amendment has been construed to bar suits against a state brought by that state's own citizens, absent the state's consent.").

The Eleventh Amendment bars suits against any "arm of the state," including "agents and instrumentalities of the [s]tate." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc) (plurality opinion). Here, Gargett does not dispute that the Department, as a state agency, is an arm of the state. (Doc. # 160). "The long-standing rule is that the Eleventh Amendment bars such suits [against arms of the state] unless: (1) the state has expressly waived its immunity through legislative enactment; or (2) Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity." Amiri v. Bd. of Trustees of Univ. of Ala., 440 F. Supp. 3d 1267, 1273 (N.D. Ala. 2020). But it is established that, "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000).

Thus, the only issue is whether the Department's immunity has been waived for ADEA claims. "The test to determine if a state has waived its sovereign immunity 'is a stringent one.'" Barnes v. Zaccari, 669 F.3d 1295, 1308 (11th Cir. 2012) (quoting Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999)). "A waiver of Eleventh Amendment immunity must specifically permit suits in federal court." Id. Indeed, "[a] state's consent to suit must be 'unequivocally expressed' via legislative enactment." Amiri, 440 F. Supp. 3d at 1273 (citation omitted); see also Connor v. Halifax Hosp. Med. Ctr., 135 F. Supp. 2d 1198, 1215 (M.D. Fla. 2001) ("In order to constitute waiver of Eleventh Amendment immunity from suit in federal court, a state statute must employ language that is either explicit, or else admits of no other reasonable interpretation."), aff'd sub nom. Connor v. Halifax Hosp., 45 F. App'x 878 (11th Cir. 2002).

"Generally, waiver is found only when the state voluntarily invokes the jurisdiction of a federal court or the state 'makes a "clear declaration" that it intends to submit itself' to federal jurisdiction." Shedrick v. Dist. Bd. of Trustees of Miami-Dade Coll., 941 F. Supp. 2d 1348, 1359 (S.D. Fla. 2013); see also Vasseur v. Valdosta State

4

Univ., No. 7:22-CV-97 (WLS), 2023 WL 6929805, at *6 (M.D. Ga. Oct. 19, 2023) ("Courts will find a waiver of Sovereign Immunity by litigation conduct if a State voluntarily invokes federal jurisdiction, or if the State makes a 'clear declaration' that it intends to submit itself to federal jurisdiction. The decision to waive Sovereign Immunity 'is altogether voluntary on the part of the sovereignty,' and, accordingly, the test for determining whether a State has waived Sovereign Immunity 'is a stringent one.'" (citations omitted)).

Here, the parties have not cited — and this Court has not been able to locate — a Florida statute in which the state waives its Eleventh Amendment immunity as to ADEA claims. (Doc. # 150 at 2-3; Doc. # 160 at 12); see Shedrick, 941 F. Supp. 2d at 1359 ("Plaintiffs point to no clear declaration of waiver by Florida, and, in fact, Florida has expressly retained its immunity from suit in federal court." (citing Fla. Stat. § 768.28(18))).

Gargett's citation to Florida Statute § 760.11(4) is unavailing. (Doc. # 160 at 12). As Gargett himself acknowledges, the statute merely provides that an individual may file an FCRA case in "any court of competent jurisdiction." Fla. Stat. § 760.11(4) ("If the commission

5

determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either: (a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or (b) Request an administrative hearing under ss. 120.569 and 120.57."). Section 760.11(4) makes no reference to the ADEA or federal claims generally. Even if Section 760.11(4) applied to ADEA claims, which it does not, its language allowing suit "in any court of competent jurisdiction" still would not amount to a waiver of Eleventh Amendment immunity in federal court. See Crisman v. Fla. Atl. Univ. Bd. of Trustees, 572 F. App'x 946, 948 (11th Cir. 2014) ("A state does not consent to suit in federal court merely by stating its intention to sue and be sued, 'or even by authorizing suits against it *in any court of competent jurisdiction*.'" (quoting Coll. Sav. Bank, 527 U.S. at 676)); see also Fla. Stat. § 768.28(18) ("No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of

6

the United States, *unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court*." (emphasis added)).

Nor has the Department waived its immunity by its conduct in this case. True, the Department did not raise Eleventh Amendment immunity as a defense in its answer (Doc. # 20), nor argue Eleventh Amendment immunity in its motion for summary judgment. (Doc. # 56). But "the failure to plead Eleventh Amendment immunity cannot plausibly be held to be a clear declaration of, or to even raise an overwhelming implication of, waiver, particularly in light of Florida's express retention of Eleventh Amendment immunity." Shedrick, 941 F. Supp. 2d at 1359; see also Moultrie v. Smith, No. 3:14-CV-00020-TCB, 2015 WL 12552095, at *3 (N.D. Ga. Sept. 22, 2015) ("But the Eleventh Amendment defense is not necessarily waived simply because it is not pled in the answer as an affirmative defense.").

Here, the Department never explicitly waived its immunity. Even though it has litigated defensively in this case, the Department did not make a voluntary, active decision to litigate in this Court. See Bd. Of Regents of Univ. Of Wis. Sys. v. Phoenix Int'l Software, Inc., 653 F.3d 448, 463

7

(7th Cir. 2011) (noting that "[t]he distinction between a voluntary, active decision by the state to entrust a matter to federal court and involuntary, defensive measures is reflected in the Supreme Court's decisions addressing waiver by litigation conduct").

And its failure to raise the immunity argument earlier does not preclude it from doing so at this stage. "[T]he Supreme Court has expressly noted that Eleventh Amendment immunity 'deprives federal courts of any jurisdiction to entertain such claims, and thus may be raised at any point in a proceeding.'" Shedrick, 941 F. Supp. 2d at 1359 (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1984)); see also Edelman v. Jordan, 415 U.S. 651, 678 (1974) (noting that "the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court" to be considered on appeal); Doe v. Moore, 410 F.3d 1337, 1349 (11th Cir. 2005) ("Eleventh Amendment jurisdictional questions can be raised for the first time on appeal."). Thus, the Department has not waived its immunity defense. See Moultrie, 2015 WL 12552095, at *3 (considering on the merits the Eleventh Amendment immunity defense even though the defendant did not raise the defense in its answer or in its motion for

8

summary judgment). The cases cited by Gargett in support of his waiver argument do not convince the Court, given their easily distinguishable facts.[1] No doubt it would have been better for the Department to seek dismissal of the ADEA claim on the basis of Eleventh Amendment immunity earlier in the case. Nevertheless, the Court does not conclude that the

---

[1] For example, the Supreme Court merely held in Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613 (2002), that — under certain circumstances — a state waives its Eleventh Amendment immunity by removing a case from state court to federal court. Id. at 620; see also Stroud v. McIntosh, 722 F.3d 1294, 1301 (11th Cir. 2013) (addressing whether a state defendant's removal of a case to federal court waives its Eleventh Amendment immunity).

Another example: in Florida Virtual School v. K12, Inc., 674 F. Supp. 3d 1127 (M.D. Fla. 2023), the plaintiff governmental entity had filed its Lanham Act claims against the private defendant in federal court. Because of this invocation of the Court's jurisdiction, the Court held that plaintiff could not invoke Eleventh Amendment immunity to dismiss the counterclaim that defendant then filed seeking cancellation of plaintiff's trademarks. Id. at 1135; see also Fla. Virtual Sch. v. K12, Inc., No. 6:20-cv-2354-GAP-EJK, 2023 WL 6292409, at *2 (M.D. Fla. Aug. 25, 2023) (rejecting the Eleventh Amendment immunity defense again at the summary judgment stage in the same case). Also, while the Court in Castro v. Kentucky Higher Education Student Loan Corp., No. 16-24690-CIV, 2017 WL 588379 (S.D. Fla. Feb. 14, 2017), noted that a state can waive its immunity by its "conduct in litigation," the Court's denial of defendant's motion to dismiss was not based on waiver. Rather, the Court held that defendant was not an "arm of the state." Id. at *2-10.

In this case, the Department did not remove the case to this Court. Also, the Department is the defendant, meaning that it did not voluntarily invoke this Court's jurisdiction.

Department's delay in asserting the defense here was a clear waiver of its immunity.

Next, Gargett's reference to Ex parte Young, 209 U.S. 123 (1908), does not help him. (Doc. # 160 at 15). True, "there is an exception to Eleventh Amendment immunity for suits against individual defendants in their official capacity." Kerce v. Fla. Dep't of L. Enf't/Capitol Police, No. 4:16-CV-239/MCR/GRJ, 2017 WL 11504388, at *3 (N.D. Fla. Aug. 16, 2017). "Pursuant to the exception established in Ex parte Young, . . . official-capacity suits against state officials are permissible . . . under the Eleventh Amendment when the plaintiff seeks 'prospective equitable relief to end continuing violations of federal law.'" Lane v. Cent. Ala. Cmty. Coll., 772 F.3d 1349, 1351 (11th Cir. 2014).

Here, however, no individual defendants exist. No state officials have been named as defendants. Gargett chose to sue only the Department, which is an arm of the state. Thus, the Ex parte Young exception does not apply, even though Gargett sought both retrospective and prospective relief for his ADEA claim. See Va. Off. for Prot. & Advoc. v. Stewart, 563 U.S. 247, 255 (2011) (explaining that the Ex parte Young doctrine "rests on the premise . . . that when a federal court commands **a state official** to do nothing more than refrain from

10

violating federal law, he is not the State for sovereign-immunity purposes. The doctrine is limited to that precise situation, and does not apply 'when "the state is the real, substantial party in interest."'" (emphasis added) (citation omitted)); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) ("Appellants having sued only state agencies, not officials, there is no basis for invoking Ex parte Young.").

In short, the Department is immune from the ADEA claim. See Duva v. Bd. of Regents of the Univ. Sys. of Ga., 654 F. App'x 451, 453 (11th Cir. 2016) ("The parties do not dispute that the Board is an agency of the State of Georgia. Thus, the district court dismissed properly Duva's ADEA claim against the Board as barred by the Eleventh Amendment."). Thus, this Court lacks jurisdiction over that claim. The ADEA claim is dismissed without prejudice. See Parson v. Ga. Dep't of Nat. Res., No. 4:20-CV-328, 2021 WL 2043960, at *4 (S.D. Ga. May 21, 2021) ("In sum, Defendant — as a state agency — is entitled to the protection of Eleventh Amendment immunity, and neither Congress nor the state of Georgia has validly abrogated or waived that immunity as to Plaintiff's ADEA claim, the sole claim alleged in this case. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint."); Bell-Babineaux v. Fla. Dep't of Juv. Just., No.

8:12-cv-2153-EAK-AEP, 2014 WL 281971, at *4 (M.D. Fla. Jan. 24, 2014) ("Defendant State of Florida Department of Juvenile Justice has chosen to assert Eleventh Amendment immunity to bar Plaintiff's claims [including an ADEA claim]. After consideration, the Court grants Defendant's Motion to Dismiss the above claims on the basis of Eleventh Amendment immunity.").

### B. FCRA Claim

Because the Court has dismissed the ADEA claim, the only remaining claim is the FCRA age discrimination claim, over which the Court has been exercising supplemental jurisdiction. In its reply, the Department now argues that the FCRA claim should also be dismissed based on Eleventh Amendment immunity or, alternatively, the Court should decline to exercise supplemental jurisdiction over the FCRA claim. (Doc. # 162 at 5-7). Gargett has filed a sur-reply regarding the FCRA claim, arguing that the Court should continue to exercise supplemental jurisdiction over the FCRA claim even if the ADEA claim is dismissed. (Doc. # 164). Notably, Gargett has failed to address whether the Department enjoys Eleventh Amendment immunity over the FCRA claim. (Id.).

While it would have been better for the Department to clearly address its Eleventh Amendment immunity as to the FCRA claim in its Motion, the Court agrees that such immunity applies. Again, "[a] state does not consent to suit in federal court merely by stating its intention to sue and be sued, 'or even by authorizing suits against it *in any court of competent jurisdiction*.'" Crisman, 572 F. App'x at 948 (quoting Coll. Sav. Bank, 527 U.S. at 676). "Such ambiguous and general consent-to-suit provisions, standing alone, are insufficient to waive Eleventh Amendment immunity." Id.

As mentioned in the previous section, Florida allows FCRA claims to be filed against it "in any court of competent jurisdiction." See Fla. Stat. § 760.11(4) ("If the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may . . . Bring a civil action against the person named in the complaint in any court of competent jurisdiction."). Section 760.11(4), however, does not explicitly waive Florida's sovereign immunity in *federal court*. See Gould v. Fla. Atl. Univ. Bd. of Trustees, No. 10-81210-CIV, 2011 WL 13227893, at *4 (S.D. Fla. June 14, 2011) ("While Florida has pursuant to Fla. Stat. § 760.11(4)(a) waived its sovereign immunity from

13

FCRA suits brought in Florida courts, Florida has not consented to suit in federal court under the FCRA."). The statute makes no reference to permitting FCRA suits against the state in federal court. Thus, Section 760.11(4)'s language "in any court of competent jurisdiction" does not amount to a waiver of Eleventh Amendment immunity for claims in federal court. See Crisman, 572 F. App'x at 949 ("The consent-to-suit provision at issue, section 112.044(4), contains language authorizing suit 'in any court of competent jurisdiction,' but the Supreme Court has held such language is ambiguous and insufficient to indicate a state's intent to be sued in federal court. . . . Accordingly, the district judge erred by denying FAU's motion to dismiss Crisman's FL-ADEA claim."). Indeed, Florida Statute § 768.28(18) makes clear that no state statute should "be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court." Fla. Stat. § 768.28(18).

In short, Florida's Eleventh Amendment immunity has not been waived as to the FCRA claim asserted in this Court. Thus,

14

the FCRA claim is also dismissed without prejudice based on Eleventh Amendment immunity. See, e.g., Crisman, 572 F. App'x at 949 ("FL-ADEA does not explicitly and definitely state Florida consents to suit in federal court. Therefore, FAU is entitled to Eleventh Amendment immunity on Crisman's FL-ADEA claim." (citation omitted)); Gould, 2011 WL 13227893, at *4 (dismissing an FCRA retaliation claim on the basis of Eleventh Amendment immunity); Parker-Hall v. Univ. of Fla. Bd. of Trustees, No. 1:21-CV-138-AW-GRJ, 2021 WL 10426246, at *2 (N.D. Fla. Nov. 17, 2021) ("UF has Eleventh Amendment immunity as to Plaintiff's FCRA claims."); Wang v. Fla. Atl. Univ. Bd. of Trustees, No. 16-80915-CIV, 2017 WL 1155889, at *4 (S.D. Fla. Mar. 27, 2017) ("Wang's FCRA claims against FAU are barred by the grant of immunity under the Eleventh Amendment, and this Court must dismiss Counts I and II of the Amended Complaint for lack of subject matter jurisdiction.").

Alternatively, even if the Department did not enjoy immunity over the FCRA claim, the FCRA claim would still be dismissed without prejudice. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004). The Eleventh Circuit has "encouraged district courts to

dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Id. at 1089. Indeed, the Supreme Court has also explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Silas v. Sheriff of Broward Cnty., 55 F.4th 863, 866 (11th Cir. 2022) ("A district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed.").

Here, the balance of the relevant factors (comity, judicial economy, convenience, and fairness) weigh in favor of declining to exercise supplemental jurisdiction over the FCRA claim. While remaining in federal court may be more convenient for Gargett, given that discovery has been completed and an appeal regarding summary judgment has resolved, other concerns outweigh the convenience factor. In particular, concerns of comity and "concerns of federalism — namely, of federal courts of limited jurisdiction weighing in

16

on state law — counsel in favor of dismissing [the FCRA claim] [now that] the federal claims are dismissed." <u>Silas</u>, 55 F.4th at 866. The FCRA claim, a state law claim alleging discrimination by a state agency, should be resolved in state court. Thus, even if the FCRA claim were not dismissed based on the Department's immunity, the Court would decline to exercise supplemental jurisdiction over the FCRA claim.

The FCRA claim is dismissed without prejudice.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Florida Department of Juvenile Justice's Amended Motion to Dismiss (Doc. # 150) is **GRANTED.**

(2) Both the ADEA claim and FCRA claim are dismissed without prejudice based on Eleventh Amendment immunity.

(3) The Clerk is directed to enter judgment accordingly and, thereafter, terminate all deadlines and motions and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of July, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

17